MARCIAL ORTIZ y OTROS, demandantes y recurridos, *v.* AUTORIDAD DE TIERRAS y OTROS, demandados y peticionarios.

*Número:* CE-91-319          *Resuelto:* 28 de junio de 1991

*Rafael Rodríguez Journet*, abogado de la peticionaria Autoridad de Tierras; los recurridos no comparecieron.

## RESOLUCIÓN

Examinada la petición de *certiorari*, el Tribunal dispone no ha lugar a la misma.

Lo acordó el Tribunal y certifica el señor Sub-Secretario. El Juez Asociado Señor Negrón García emitió un voto concurrente. Los Jueces Asociados Señores Alonso Alonso y

Andréu García expedirían el recurso. La Juez Asociada Señora Naveira de Rodón no intervino.

(*Fdo.*) Heriberto Pérez Ruiz
*Sub-Secretario*

— O —

Voto concurrente del Juez Asociado Señor Negrón García.

En la literatura clásica de ficción, el dilema que genera el principal planteamiento de la Autoridad de Tierras *et al.*, en este recurso, está representado por el personaje del *Dr. Frankestein.* De prevalecer, la convertiría en un monstruo incontrolable para su creador, el Estado Libre Asociado, con capacidad para cuestionar sus mandatos. Nos explicamos.

I

El 18 de mayo de 1990 Marcial Ortiz y varias personas —alegadamente ocupantes de unos solares y estructuras ubicadas en la Central Aguirre— solicitaron del Tribunal Superior, Sala de San Juan, un *mandamus* para que la Autoridad de Tierras cumpliera con su deber ministerial de "venderles" dichas propiedades por el valor individual de $1.00, según lo ordenado por la Asamblea Legislativa en la Resolución Conjunta Núm. 51 de 27 de junio de 1987.

La Autoridad de Tierras y la Corporación Azucarera se opusieron. En su favor adujeron varias defensas afirmativas y solicitaron una sentencia sumaria. En particular, plantearon que la aludida Resolución era inconstitucional pues las ventas, por ese precio normal, constituían una donación sin que existiera un fin público. Invocaron el precepto de que "[s]ólo se dispondrá de las propiedades y fondos públicos para fines públicos y para el sostenimiento y

funcionamiento de las instituciones del Estado, y en todo caso por autoridad de ley". Art. VI, Sec. 9, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 369.

El 23 de abril de 1991 el tribunal (Hon. Ángel G. Hermida, Juez) denegó esa solicitud. En un elaborado y razonado dictamen resolvió que no era menester evaluar los méritos del planteamiento ya que las demandadas estaban impedidas de cuestionar la constitucionalidad. Invocó la doctrina sentada en *Gobierno de la Capital v. Consejo Ejecutivo*, 63 D.P.R. 434 (1944). Como secuela de ese dictamen, eximió a los demandantes Marcial Ortiz *et al.* de contestar ciertas preguntas de un interrogatorio cuya pertinencia *estaba inexorablemente atada al señalamiento constitucional.*

Inconforme, la Autoridad de Tierras acudió con la presente petición de *certiorari*. En su abono nos argumenta que el dictamen del foro de instancia: (1) priva al Poder Judicial de ejercer su función revisora exclusiva bajo la Constitución, pues le impide considerar los méritos de esta defensa; (2) confunde los conceptos de legitimación activa y pasiva, se aparta de nuestra interpretación liberal al respecto y aplica un ordenamiento diferente y distinguible del presente; (3) ignora decisiones recientes que han permitido a una agencia del ejecutivo plantear defensas bajo el palio de nuestra Constitución, y (4) obliga a la Autoridad de Tierras a disponer de valiosas propiedades públicas para lucrar a un grupo de personas privadas.

## II

Salvo ganar tiempo procesalmente, jurídicamente ninguno de estos argumentos son suficientes. Tanto en el pasado como en el presente, innumerables leyes y programas testimonian la incuestionable facultad de la Asamblea Legislativa —por mediación de distintas agencias y organismos— de disponer de terrenos públicos mediante valora-

ción nominal o donación, a tono con una filosofía de verdadera vanguardia social.

En el panorama constitucional, *a menos que desestabilicemos nuestro derecho vigente*, es obvio que la Autoridad de Tierras y la Corporación Azucarera —como instrumentalidades públicas cuya existencia, creación y funcionamiento *dependen* del estatuto en virtud del cual surgieron a la vida— carecen de legitimación activa y están impedidas de impugnar la constitucionalidad de una ley o resolución que les ordene donar determinados terrenos. *Dentro del esquema de sus respectivas leyes orgánicas, únicamente los tenedores de sus bonos o el fideicomisario de los mismos podrían hacerlo en cuanto a la mala utilización, disposición o indebida transferencia de propiedad o fondos.*

Nuestra casuística en *Solís v. Municipio de Caguas*, 120 D.P.R. 53 (1987); *Pacheco Fraticelli v. Cintrón Antonsanti*, 122 D.P.R. 229 (1988); *Col. Ópticos de P.R. v. Vani Visual Center*, 124 D.P.R. 559 (1989), no es fuente en qué apoyar su reclamo.

Tenemos la impresión de que la Autoridad de Tierras se ha equivocado de foro. Su postura, que cuestiona la procedencia y sabiduría de las ventas por un dólar ($1.00) no es materia que ella pueda válidamente discutir en los tribunales; debe hacerlo diligentemente en la Asamblea Legislativa. Nuestros criterios personales sobre la *inmoralidad* de estas ventas no nos confieren poder adjudicativo sobre este extremo constitucional.